## Fred Mosley v. The State.

### No. 989. Decided February 22, 1911.

**1.—Assault to Murder—Charge of Court.**

Where, upon trial of assault with intent to murder, the court fully and fairly charged the jury on that offence, defining malice, etc., and also instructed on aggravated assault, there was no error.

**2.—Same—Charge of Court—Cooling Time.**

Where, upon appeal from a conviction of assault with intent to murder, the evidence showed a previous difficulty shortly before the assault to murder, and the court in his charge on aggravated assault among other things instructed the jury to consider all the facts and circumstances in evidence, there was no error in not submitting the question of cooling time as this would have been more restrictive than the charge given.

**3.—Same—Recalling Jury—Practice in District Court.**

Where, upon appeal from a conviction of assault to murder, it appeared from the record that no bill of exceptions had been taken to the court's action in recalling the jury, etc., the same could not be considered.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault with intent to murder, the evidence supported the conviction, the same will not be disturbed.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. L. Neal* and *R. H. Holland,* for appellant.—Upon the question of the court's failure to charge on cooling time: Thomas v. State, 48 Texas Crim. Rep., 67; id., 56 S. W. Rep., 70; Swain v. State, 48 Texas Crim. Rep., 98; Castro v. State, 40 S. W. Rep., 985; Cooper v. State, 49 Texas Crim. Rep., 28; Mundine v. State, 37 Texas Crim. Rep., 5, 38 S. W. Rep., 619; Jones v. State, 33 Texas Crim. Rep., 492, 26 S. W. Rep., 1082.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was indicted for assault with intent to murder William Swain, convicted, and his penalty fixed at two years confinement in the penitentiary.

The evidence shows that on the early morning of August 19, 1910, the appellant and William Swain, who were bellboys in the Brazos Hotel in Houston, had a fight in the hotel, the difficulty arising about which one should answer a certain bell call. The evidence by Swain and two other witnesses, who were present, showed clearly that the fight was begun and the first lick struck by the appellant; that they then clinched and fell, Swain under the bottom, but he soon got on top and began to choke the appellant. They were then separated by the two witnesses present and the manager of the hotel ordered Swain to go to the dressing-room and take off his uniform and go home, and ordered the appellant to be seated at the bellboys' stand. Swain at once left, went to the dressing-room, which was across an alley in the rear of the kitchen of the hotel, the kitchen itself being to the back and in the rear of the hotel. It was a rule of the hotel that the bellboys had to remove their uniform when they were not on duty. These two parties' time of service was from 7 o'clock in the evening until 7 o'clock next morning—all night. Swain, when ordered to the dressing-room, at once went and took off his uniform, put on his plain clothes and went back through another room in the hotel, across the street in front of the hotel to buy some tobacco before going home. When he started to pay for it he discovered that he had left his money in his uniform, and started back to the dressing-room to get his money to pay for the tobacco. In going he went through a saloon which was next to and south of the hotel. In the meantime, the appellant having discharged some duty about the hotel, was also ordered by the manager to remove his uniform and go home. He started back to the dressing-room for that purpose. As Swain emerged from the back room of the saloon going towards the dressing-room the appellant emerged from the rear door of the hotel going to the same place. They mutually discovered one another about the same time. Swain claims

that he thought the appellant was coming out to again attack him and he started towards him, walking rapidly, but not running. The appellant claims that he thought Swain was laying for him and intended to attack him again. As soon as they discovered one another and Swain started towards the appellant, the appellant at once turned and ran back into the hotel about the clerk's desk and procured a pistol, ran rapidly back to the rear door of the hotel, passing, in going for and returning with the pistol, the hotel manager and another one of the witnesses, or two others. When Swain saw the appellant turn back in the hotel he continued towards the dressing-room, there being an open space back of the hotel and saloon which it was necessary to cross or pass over in going back to the dressing-room beyond the kitchen. By the time the appellant got to the back door of the hotel with the pistol Swain was some thirty feet from him, going from him to the dressing-room. The appellant at once pointed the pistol towards Swain and shot at him. Swain himself testified that he then for the first time threw a rock at the appellant. The other witnesses who saw it say that no rock was thrown. Whether thrown or not, the appellant then stumbled, slipped or dodged, and in doing so the pistol was accidentally discharged the second time, and the bullet struck a window in the second story of the hotel. Swain then ran from appellant; the appellant followed him up and shot at him twice again before he was caught and arrested by the witnesses present.

All the witnesses, including Swain, there being three others, testified that the appellant was the aggressor at all times, both when they had the fight some fifteen or twenty minutes before the shooting and at the time of the shooting, other than the starting towards him by Swain when they discovered one another as above stated.

The court fully and fairly charged the jury on assault with intent to kill, defined murder and malice, and properly applied the charge to the facts of the case. The court also charged that if the jury had any reasonable doubt as to whether the assault was upon malice aforethought, with intent to murder, the jury would acquit him of that offense and next consider whether he was guilty of an aggravated assault or whether he was justified in his action.

On the subject of aggravated assault and adequate cause the charge was as follows: "If you believe from the evidence that the defendant, in the county of Harris and State of Texas, on or about the time charged in the indictment, with a deadly weapon did unlawfully assault the said William Swain, but at the time of making such assault the defendant was, by some adequate cause, as hereinafter explained, moved to such a degree of anger, rage, sudden resentment or terror as to render him for the time incapable of cool reflection, and in such a state of mind he committed said assault, and that such assault was not in defense of himself from an unlawful attack producing a reasonable expectation or fear of death or serious bodily injury, then you will find the defendant guilty of an aggravated assault, and assess his pun-

ishment at a fine not less than twenty-five nor more than one thousand dollars, or by imprisonment in the county jail not less than one month nor more than two years, or by both such fine and imprisonment, as you may determine and state in your verdict.

"You are instructed that any condition or circumstance capable of creating and which does create sudden passion, such as anger, rage, sudden resentment or terror, rendering the mind for the time incapable of cool reflection, whether accompanied by bodily pain or not, may be adequate cause; and whether such adequate cause existed for such sudden passion (if any there was) it is for you to determine, and in determining this question, as well as all other matters before you, you will consider all the facts and circumstances in evidence in this case." The court also charged on self-defense and applied the facts to the law so far as the defendant was concerned.

There was no complaint whatever that there was any error of commission in the court's charge. No special charge was requested, and there was no exception to the charge of the court in any way at the time of the trial. The first objection to the charge is when the appellant, several days after the trial, filed an amended motion for new trial, and the only complaint then of the charge is as follows: "It was the duty of the court to charge the jury on aggravated assault predicated upon said encounter (first fist fight in the hotel) in connection with 'cooling time,' which the court failed to so charge the jury, which failure to so charge the jury deprived the defendant of one of his important rights before the jury."

It is our opinion that if the court had by his charge called special attention to the fight in the hotel in connection with adequate cause and cooling time, it would have been much more restrictive against the appellant than the charge that was given, because the court in the charge that was given on aggravated assault and adequate cause, as above quoted, shows that the court clearly submitted to the jury not only what occurred at the time and just immediately before the shooting, but also the previous fight between the parties which had occurred some fifteen or twenty minutes before, and he tells the jury on the subject of adequate cause and aggravated assault, that "whether such adequate cause existed for such sudden passion, if any there was, it is for you to determine, and in determining this question, as well as all other matters before you, you will consider all the facts and circumstances in evidence in this case." Clearly, as we think, thereby permitting the jury to determine whether or not what had occurred in the first fight was adequate cause. Therefore, we think, no error was committed by the court, and none shown by the record as complained of by the appellant to his hurt in this assignment. Code Criminal Procedure, art. 723.

The appellant also set up, as a ground for new trial, a colloquy that occurred between the jury and the court after they had considered the case for awhile and came back into open court. This, however, can

not be considered by us because no bill of exceptions was taken, nor does the record in any way show that the matter occurred or was excepted to at the time.

The next ground of the motion for new trial is because the verdict and judgment are not supported by the evidence. On the contrary, the verdict and judgment are amply supported by the evidence, the facts showing a clear case of assault with intent to kill against the appellant, if the jury believed the four witnesses for the State as against the appellant's testimony alone.

The next ground is because the verdict and judgment herein are contrary to the law and the evidence. How or in what way is not shown, and there was no error on that account.

There being no reversible error in the record, the judgment is affirmed.

*Affirmed.*